RICHARD BURR v. THE STATE.

No. 1496.   Decided January 10, 1912.

**Assault to Murder—Aggravated Assault—Charge of Court.**

Where, upon trial of assault to murder, the evidence showed that the offense was either the one alleged, or defendant acted in self-defense, there was no error in the court's failure to charge on aggravated assault.

Appeal from the Criminal District Court of Harris.    Tried below before the. Hon. C. W. Robinson.

Appeal from a conviction of assault with intent to murder; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Roy Johnson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault with intent to murder Tom Edwards, his punishment being assessed at four years confinement in the penitentiary.

The State's case was one of assault to murder while appellant's was that of self-defense.  Edwards testified that he had known appellant several months prior to the difficulty and had never had any trouble with him; that he had met appellant at his, appellant's, home on more than one occasion; that he knew that appellant was living with a girl named Lula Gibbs.  On the morning of the trouble Edwards was at his own home chopping kindling with which to make a fire when appellant made his appearance, and asked him if he, Edwards, thought he had done right in marrying Lula Gibbs, and asked if he could see Lula Gibbs.  Edwards sent for her.  Appellant then began shooting him and shot him five times.  Two other witnesses, Adams and Ingrando, testified they were standing on the corner of the street about forty feet from the scene of the shooting; that they heard a shot and turned and saw defendant shooting inside of the room, and after one or two shots he went inside the room and directly he and Edwards came out tussling.  After they reached the outside appellant dropped his gun and grabbed an axe and Edwards tried to keep appellant from striking him with it.  The parties were then separated.  Appellant's testimony is substantially as follows: That he had known Edwards two or three months; that they became acquainted at his, appellant's, home.  That he was living there with the girl, Lula Gibbs, and that she "was his woman."  About a week before the assault Lula Gibbs told appellant she was going to Galveston to spend a week, and went away.  He did not hear from her, and did not know where she was.  Prior to this time Edwards had come to his house quite often and had gotten the girl, Lula, a trunk. That when the parties met on the Santa Fe tracks Edwards asked appellant if he did not like it and pulled a pocketknife on appellant. On the morning of the assault appellant went to Ingrando's store about forty feet from the house of Edwards to pay a bill.  As he went towards the store Edwards called to him to come there, and he had gone over to where Edwards was standing.  Edwards asked him if he had seen Lula Gibbs.  Appellant replied that he had not, and at that time a cousin of Edwards rode up and asked appellant

to hold his horse, which appellant did. Edwards and the other party went into the house, and appellant overheard them talking, and heard one of them say: "Now is your time; it's just as good a time now as ever." Then Edwards and the other party came out of the house, and the third party mounted his horse and rode away. Edwards said it seems funny that appellant would come around there and had not seen this girl, and that he would fix it so appellant would not come out there any more. Edwards then grabbed an axe and started towards appellant; appellant caught the axe, drew his pistol and shot. This is the substance of the testimony.

The only contention urged by appellant is that the court should have charged the law of aggravated assault. We are of opinion that that issue is not raised by the testimony. If appellant went to the house for the purpose of doing what he did and executed his purpose by shooting Edwards five times, it would be an assault with intent to murder. If he went there under the circumstances he detailed, having been called there by Edwards, and Edwards brought on the difficulty by trying to use an axe upon him, he would be justified in doing what he did. Appellant, under the testimony, seems to have been outraged in his feeling because Edwards had seduced the woman from her allegiance to him, and from this standpoint the State's theory is that the motive was suggested for the difficulty. Edwards had married the woman, and at the time of the difficulty she was his wife. We are of opinion that the court was not in error in failing to charge the issue of aggravated assault under the facts.

The judgment is affirmed.

*Affirmed.*